**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LYLE B. POGOFSKY,<br><br>*Plaintiff*,<br>v.<br><br>TOM DART, Cook County Sheriff, et al.,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 25 C 4654<br><br>Chief Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Two state court judges issued orders against Plaintiff Lyle Pogofsky: one to evict, the other to arrest. These orders stemmed from two lawsuits against Pogofsky. The first: when the Lynda Pogofsky Trust sued to evict Pogofsky. The second: when the condominium association (from where Pogofsky resided) sought an emergency temporary restraining order to stop Pogofsky's "noxious" and "offensive" conduct—Pogofsky was threatening to shoot the building's maintenance man and cocking his gun while filming the maintenance man work. Pursuant to these orders, the Defendants, Andre Bonhart, Carolyn Gonsalves, Alex Locascio, Wanda Munoz, Arturo Ortega, and Hector Romo effectuated the eviction and arrest. After Pogofsky was evicted and arrested, he sued. Defendants move to dismiss Pogofsky's Second Amended Complaint with prejudice. (Dkt. 73). They assert that their actions were properly based on judicial orders and protected by immunity. (*Id.*) For the reasons below, the Court grants the Defendants' Motion to Dismiss with prejudice and enters judgment in their favor. (*Id.*)

**BACKGROUND**

The Lynda Pogofsky Trust filed an eviction action against Plaintiff Lyle Pogofsky in Cook County Circuit Court. (Dkt. 18, ¶ 10). Pogofsky alleges he fully participated in the litigation. (*Id.*,

¶ 11). He alleges that he was "arrested during a Chicago Police department raid" during which time he was "simultaneously served" with an eviction summons. (*Id.*, ¶¶ 13, 17). Defendants' actions were in furtherance of an order signed by Judge Eve Reilly, dated July 30, 2024, in *LaSalle Private Residences Condominium v. Lynda Pogofsky Living Trust*, Pogofsky notes. (*Id.*, ¶ 18). Despite this, he alleges that he "had no cases before Judge Eve Reilly." (*Id.*, ¶ 12). He alleges that the order was not legally served but merely left with the building staff. (*Id.*, ¶ 19). Yet he also alleges that he was receiving "legal documents delivered by or on behalf of Judge Eve Reilly." (*Id.*, ¶ 20). Pogofsky did not understand these documents to be valid, however, because they were "unstamped, unmarked," and included "threats of eviction, arrest, institutionalization, and even death." (*Id.*) He claims that because the "order was more than four months old" it was "stale." (*Id.*, ¶¶ 19, 21). Defendants "used this stale and improperly served order as the sole basis to arrest" him, "seize his property," and "forcibly evict him," he alleges. (*Id.*, ¶ 21). In sum, he alleges that Defendants violated his Fourth Amendment rights when they entered his home and arrested him without a valid warrant, lawful order, or probable cause. (*Id.*, ¶¶ 26, 27).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotes omitted). "This means that the complaint must offer factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Farhan v. 2715 NMA LLC*, 161 F.4th 475, 482 (7th Cir. 2025) (cleaned up). The Court will accept "well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiff's favor." *Miao v. United Airlines, Inc.*, 164 F. 4th 622, 623 (7th Cir. 2026). The Court will "not presume the truth of legal conclusions and conclusory allegations." *Cielak v. Nicolet Union*

*High Sch. Dist.*, 112 F.4th 472, 475 (7th Cir. 2024). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (quoting *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021)).

**DISCUSSION**

Defendants assert dismissal is warranted because the warrant was not "stale." (Dkt. 73 at 5-7). They maintain that the search was not unreasonable because they acted pursuant to court order. (*Id.* at 7-8). They further note that their conduct is subject to immunity. (*Id.* at 8-10). In response, Pogofsky argues that the warrant was stale—not because of its age—but because it had not been verified through "LEADS—the Illinois Law Enforcement Agencies Data System." (Dkt. 75 at 2). He asserts that none of the Defendants held "active Basic Law Enforcement" certification, which means they had no authority to "enter a private residence" or "execute civil process." (*Id.* at 3) (citing 50 ILCS 705/8.1). Pogofsky contends that certain "incident reports" have "internal inconsistencies" that "confirm" that "the arrest lacked any coherent lawful basis." (*Id.*) He also claims that he lacked actual notice of the arrest warrant because it was "buried in a coordinated email campaign designed to confuse and intimidate" him. (*Id.* at 3-4).

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' The 'basic purpose' of that Amendment . . . is 'to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.'" *Chatrie v. United States*, 146 S. Ct. 2193, 2204 (2026) (quoting *Carpenter v. United States*, 585 U.S. 296, 303 (2018)). "At the 'very core' of that guarantee is a person's 'right . . . to retreat into his own home and there be free from unreasonable governmental intrusion.'" *United States v. Segoviano*, 30 F.4th 613, 618 (7th Cir. 2022) (quoting

*Caniglia v. Strom*, 141 S. Ct. 1596, 1599 (2021)). "Accordingly, the Court has recognized that: '[i]n terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house.'" *Id.* (quotes omitted) (quoting *Steagald v. United States*, 451 U.S. 204, 212 (1981)). "Absent permission, the threshold of a home therefore cannot be crossed without a warrant, subject to certain exceptions[.]" *Id.* (quotes omitted).

Pogofsky is proceeding *pro se*, so the Court construes his filings liberally. *Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006). Even under this generous construction, Pogofsky's positions are frivolous and his Complaint conclusory. His response to Defendants' Motion to Dismiss was clearly written by AI. It is filled with factual misstatements, brand new positions untethered from his Complaint, and the patented sharp-witted empty prose dotted with generic citations obliquely pertinent to dramatic unsupported conclusions. While the Court is dismissing Pogofsky's case with prejudice, the Court warns Pogofsky that filing a response generated by AI that is filled with frivolous arguments, irrelevant case law, and misstatements of fact will suscept him to sanctions. *Allen v. Casper*, 2026 WL 674309, at *10 (N.D. Ill. Mar. 10, 2026) (sanctioning *pro se* plaintiff for violating Rule 11 by misusing AI); *Obi v. Cook Cnty., Illinois*, 2026 WL 1001481, at *2 (N.D. Ill. Apr. 9, 2026) (same); *Jones v. Cmty. Home Physicians, LLC*, 2026 WL 1078277, at *2 (N.D. Ill. Apr. 20, 2026).

Pogofsky asserts that the staleness issue has nothing to do with the age of the warrant, but that it was not "verified" through LEADS. (Dkt. 75 at 2) (citing Ill. Admin. Code tit. 20, § 1240.40). Pogofsky's complaint contradicts this position. (*Compare id. with* Dkt. 18, ¶¶ 19, 21) (alleging that the warrant was stale because it "was more than four months old"). Even if not contradicted, it is irrelevant. Pogofsky failed to comply with Judge Eve Reilly's rule to show cause order for indirect

civil contempt after "willfully" violating another one of her orders and was thus subject to a proper arrest warrant. (Dkt. 73-5). Despite alleging he had "no cases before Judge Eve Reilly," he attached exhibits to his Complaint that show just that. (*Compare* Dkt. 18, ¶ 12 *with id.* at 24, 26, 31, 33, 34 (court filings before Judge Reilly)). While the Court must accept Pogofsky's well-pleaded allegations as true, "when a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004); *Reinauer v. United Airlines, Inc.*, 2026 WL 1430494, at *5 (N.D. Ill. May 21, 2026) (outlining what documents are proper for a court to take judicial notice of on a motion to dismiss). Thus, while Pogofsky alleges there was no "probable cause," the state court orders showing that Judge Reilly issued an arrest warrant contradicts that position. *Supra* at 5. "The existence of an outstanding warrant shows that a judge has found probable cause, and an arrest is proper when a warrant is based on probable cause." *Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019). Whether the warrant was properly recorded in LEADS—which the Court takes no position on—is not germane to whether Pogofsky has plausibly alleged a Fourth Amendment violation. *Farhan*, 161 F.4th at 482.

Pogofsky's next argument is that the arrest warrant was stale because the Defendants lacked sufficient certification. (Dkt. 75 at 3). This unsupported position is irrelevant. (*Id.*) None of Pogofsky's allegations reference this issue. (*Id.*) Pogofsky cites 50 ILCS 705/8.1, but that statute is irrelevant. (*Id.*) Pogofsky does not allege that his Fourth Amendment rights were violated because the Defendants lacked certain certifications under that statute. (Dkt. 18). Pogofsky's arguments that Defendants are "correctional officer[s]" is unclear and, at any rate, contradicted his allegations that they are "sworn Cook County Sheriff's Deputies." (*Compare* Dkt. 75 at 3 *with* Dkt. 18, ¶ 8). Pogofsky also insists that certain incident reports show inconsistencies, meaning that

his arrest lacked lawful basis. (Dkt. 75 at 3). He does not support this position. He later references an "Ex. SE1" but the Court is unsure what he is referring to. (*Id.*) Pogofsky was arrested pursuant to Judge Reilly's order for willfully violating one of her prior orders and being found in civil contempt. (Dkt. 73-5); (Dkt. 18 at 26). The Court may take judicial notice of this order as it is central to his Complaint. *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018); (Dkt. 18, ¶ 18). At no point does Pogofsky plausibly rebut these facts.

Pogofsky claims he lacked "notice of the body attachment" because of an apparent campaign to "confuse and intimidate" him. (Dkt. 75 at 3-4). The direction of Pogofsky's argument is unclear. He argues that he had no notice of the arrest warrant and that it "was never legally served on" him while claiming that he was "receiving" "legal documents delivered by or on behalf of Judge Eve Reilly." (*Compare id. with* Dkt. 18, ¶¶ 19, 20). At any rate, Pogofsky's position is meritless whether under Federal or Illinois law because the arresting officers need not even have the warrant on hand at the time of the arrest. "[T]he officer need not have the warrant in his possession at the time of the arrest but that, upon request, he shall show it to the defendant as soon as possible[.]" *United States v. Pisano*, 193 F.2d 361, 363 (7th Cir. 1951) (citing Federal Rule of Criminal Procedure 4); *People v. Hardimon*, 2021 IL App (3d) 180578, ¶ 39 ("The police may arrest a person when (a) the officer has a warrant, (b) he has reasonable grounds to believe a warrant has been issued for the person's arrest, or (c) he has reasonable grounds to believe that the person is committing or has committed an offense.") (cleaned up) (citing 725 ILCS 5/107-2(1)(a)-(c)). Further undermining his position are the pictures he attached to his response showing Defendants presenting him with the warrant while he was talking with them in his doorway. (Dkt. 75 at 17, 21).

Pogofsky raises an incoherent argument about Judge DeCastro entering summary judgment against him in the eviction case. (Dkt. 75 at 4). To the extent the Court understands Pogofsky's position, he is conflating Judge DeCastro granting summary judgment with issuing the eviction order; the former ended Pogofsky's case and opened the door for entry of the latter. (*Compare id. with* Dkt. 73-1, 73-2).[1] The Court has taken judicial notice of Pogofsky's eviction case, as it is central to Pogofsky's claims. *Tobey*, 890 F.3d at 648; (Dkt. 18, ¶ 10). There, Judge DeCastro granted summary judgment against Pogofsky and issued an eviction order against him. (Dkt. 73-1, 73-2). In issuing each order, Judge DeCastro noted that Pogofsky failed to appear and thus failed to comply with his orders. (Dkt. 73-1) ("defendant having failed to appear in court"). Pogofsky also failed to appear in the arrest case before Judge Reilly. (Dkt. 73-5) ("Pogofsky not present in court via Zoom or otherwise"). While Pogofsky claims that he "does not challenge any state court order" (Dkt. 75 at 8), that position is contradicted by his Complaint where he asserts that Defendants "used this stale and improperly served order as the sole basis to arrest" him. (Dkt. 18, ¶ 21); (*see also* Dkt. 75 at 2-4; Dkt. 18, ¶¶ 10-27). He tries to split hairs saying that he is challenging the "independent constitutional violations committed by law enforcement in executing that order"; but this too is contradicted by his Complaint. (*Compare* Dkt. 75 at 8 *with* Dkt. 18, ¶¶ 19, 21, 26). Pogofsky never alleges that the specific conduct of any individual Defendant violated his Fourth Amendment rights. Pogofsky's attempt to rewrite his Complaint in his response to Defendants' Motion to Dismiss is futile and violates "the axiomatic rule that a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). On this basis the Court need not address Pogofsky's new arguments and allegations concerning Due Process (Dkt. 75 at 5-6), the First Amendment (*id.* at

[1] Pogofsky also at times conflates the orders and warrants from the two cases, further obscuring his positions.

6), or *Monell* (*id.* at 7-8). *Pirelli*, 631 F.3d at 448; *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)). If Pogofsky wanted to challenge the orders, the proper procedure would have been to file an appeal in the appropriate state court, not a lawsuit in federal court. The Court has no basis to question the validity of these orders and to do so would violate the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The remainder of Pogofsky's positions are irrelevant, unsupported, or contradicted. Pogofsky flooded the docket with extraneous materials, documents, and exhibits and seeks to rely on those in his response. (Dkt. 75 at 10) ("Plaintiff incorporates by reference all previously filed exhibits in this matter"); (*see also* Dkts. 67-72, 76-84, 87-90). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey*, 890 F.3d at 648 (quotes omitted). The Court therefore declines to consider Pogofsky's extraneous filings. (*See, e.g.*, Dkts. 67-72, 76-84, 87-90). Many are styled as a "Notice of Newly Discovered Evidence" or "Notice of Supplemental Evidence." (*Id.*) (capitalization removed). Far from being isolated exhibits that perhaps Pogofsky forgot to attach to his response, these extraneous filings are often hundreds of pages long and filled with full legal argument. (*See, e.g.*, Dkt. 68 (written argument); Dkt. 77 (full written argument with hundreds of pages of exhibits (210 pages total)); Dkt. 78 (182 pages of exhibits and written positions); Dkt. 79 (same but with

71 pages); Dkt. 82 (120 pages of exhibits); Dkt. 83 (160 pages of exhibits); Dkt. 87 (written argument); Dkt. 88 (written argument)). Pogofsky cannot rely on these filings. *Tobey*, 890 F.3d at 648.[2]

Pogofsky's final argument is that dismissal before discovery is not warranted. (Dkt. 75 at 9). Pogofsky points to "newly identified evidence bearing directly on Defendant Munoz's legal authority to act." (*Id.* at 9). Pogofsky cites to *United States v. Rivera-Burton et al.*, Case No. 1:11-cr-00028 (N.D.Ill. 2011). (*Id.*) Without citing to a single docket entry or order from that 2011 criminal case, Pogofsky somehow extracts the following conclusions: Defendant Wanda was an agent for "Options R Us Realty & Management LLC" who had communications and business connections with Pogofsky "related to the eviction Defendant Munoz participated in executing." (*Id.*) Thus, because Wanda received a "felony conviction" this "categorically disqualifies an individual" (presumably Defendant Munoz) from "certification as a law enforcement officer in Illinois." (*Id.*) Pogofsky thus re-raises his Motion for Discovery to "confirm or refute whether Defendant Munoz and the convicted federal defendant share an identity[.]" (*Id.*) (referencing Dkt. 43). This argument is as incoherent as it is unavailing. The Court denies Pogofsky's Motion for Discovery. (Dkt. 43).

The basis for Pogofsky's Fourth Amendment claim is that there was no valid warrant, court order, probable cause, or proper service. (Dkt. 18, ¶¶ 26-27). The exhibits he attached to the complaint contradict each of these allegations and thus the Court must accept the exhibits as true. *Flannery*, 354 F.3d at 638. This—coupled with the fact that Pogofsky fails to allege any facts showing that the Defendants' search was "unreasonable"—defeats his claim. Indeed, the word "unreasonable" does not even appear in Pogofsky's allegations. (*See* Dkt. 18, ¶¶ 10-27). "The

---

[2] Even more confounding is that Pogofsky filed many of these random "Notices" before Defendants filed their Motion to Dismiss. (*See, e.g.*, Dkts. 67-72).

Fourth Amendment prohibits only *unreasonable* searches. The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." *Grady v. North Carolina*, 575 U.S. 306, 310 (2015). The Court sees nothing unreasonable about the Defendants effectuating the two state court orders here. *Id.*

At bottom, Pogofsky's complaint is facially deficient. (Dkt. 18). He failed to plausibly allege that he was subject to an unreasonable search. (*Id.*) His arguments in response to Defendants' Motion to Dismiss affirm that. Instead of engaging the pertinent issues, Pogofsky relitigates dismissed counts, raises irrelevant or brand-new unsupported positions, and relies on numerous extraneous materials that are not properly before the Court. Because the Court finds that the arrest and search were reasonable and effectuated pursuant to valid court orders, the Court finds that any further amendment would be futile. *Grady*, 575 U.S. at 310; Fed. R. Civ. P. 15(a)(2). Pogofsky has had multiple attempts to plead facts showing how the Defendants engaged in unreasonable conduct. He has failed to do so. The Court therefore need not address Defendants' remaining arguments on immunity.[3]

[3] The Court's October 17, 2025, Order does not change this result as that decision was entered prior to the Defendants here being served and appearing in this case. (*See* Dkts. 22, 44-53, 57-65).

## CONCLUSION

For all these reasons, the Court grants Defendants' Motion to Dismiss (Dkt. 73), denies Pogofsky's Motion for Discovery (Dkt. 43) and dismisses Pogofsky's Second Amended Complaint with prejudice. (Dkt. 18). The Court directs the Clerk to enter judgment in favor of the Defendants on the docket.

Virginia M. Kendall
United States District Judge

Date: August 26, 2026